UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NEW MANAGEMENT SERVICES LLC, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:20-cv-01072 (TSE/IDD) |
| NEWRNGTSERVICES.COM and four additional Internet domain names, | ) ) ) ) |
| and | ) ) |
| JOHN DOE, | ) ) |
| Defendants. | ) ) |

**AMENDED REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' New Management Services LLC and Online Data Exchange LLC (collectively "Plaintiffs") Motion for Default Judgment against Defendants <newrngtservices.com>, <newmgrtservices.com>, <eoscar.com>, <eoscar.net>, and <e-oscar.net> (collectively "the Defendant Domain Names"). Pl.'s Mot. for Default J., Dkt. No. 15. After the Defendant Domain Names failed to file an answer or response by November 28, 2020, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiffs' Motion be **GRANTED** as to Count I and **DISMISSED** without prejudice as to Count II.

1

## I.  INTRODUCTION

Plaintiffs filed their Complaint on September 11, 2020, against the Defendant Domain Names seeking relief under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") and *in rem* trademark infringement under the Lanham Act. 15 U.S.C. § 1114(1)(a). Compl. ¶ 3, Dkt. No. 1. Specifically, Plaintiffs request that judgment be entered in favor of Plaintiffs on their claims of cybersquatting and trademark counterfeiting and infringement; that the Court order the Defendant Domain Names be transferred to Plaintiffs; that the Court order any other domain name registered by the registrants of the Defendant Domain Names that resemble or include Plaintiffs' marks be transferred to Plaintiffs; that the Court order an award of costs and reasonable attorney's fees incurred by Plaintiffs in connection with this action; and the Court order an award to Plaintiffs of such other and further relief as the Court may deem just and proper.[1] *Id*. at 19-20.

### A.  Jurisdiction, Venue, and Joinder

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1125(d) because this case involves federal questions arising under the Lanham Act, a federal law relating to trademarks. Compl. ¶¶ 14-15.

This Court has *in rem* jurisdiction over the Defendant Domain Names under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrants of the Defendant Domain Names is either blank, a privacy service, a fictitious person or entity, and/or an individual residing outside the United States. *Id*. ¶ 16. Thus, despite their due diligence, Plaintiffs have been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(ii). *Id*.

Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM and .NET domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Names are all .COM and .NET domain names. *Id*. ¶ 18. Joinder of the Defendant

---

[1] The undersigned makes no recommendation regarding attorney's fees and costs because Plaintiffs did not request them as part of their Motion for Default Judgment.

Domain Names is proper under Rule 20(a)(2) in that the *in rem* cybersquatting claims set forth herein appear to arise out of the same series of transactions, and the same questions of law are common to all the Defendant Domain Names. *Id.* ¶ 19.

### B.   Service of Process

The ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the post and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action. *See* 15 U.S.C. §§ 1125(d)(2)(A)(ii)(II)(aa)-(bb).

On October 2, 2020, Plaintiffs sent notice of the alleged violation and a copy of the Complaint to the registered owners of the Defendant Domain Names via postal service and email. Pl.'s Mot. for Default J. at 5;  see also Decl. David E. Weslow, Dkt. No. 8-1 ¶6. On October 30, 2020, Plaintiffs filed a Motion for Service by Publication. Dkt. No. 7. On November 3, 2020, the Court granted Plaintiffs' Motion for Service by Publication and ordered Plaintiffs to publish the Order providing notice to the Defendant Domain Names in *The Washington Post* or *The Washington Times* once within fourteen (14) days after the entry of the Order. Dkt. No. 10. The Order of Service by Publication was published in *The Washington Times* on November 6, 2020. Decl. David E. Weslow, Ex. A, Affidavit of Publication, Dkt. No. 11. Accordingly, the undersigned finds that service of process is proper in this action.

### C.   Grounds for Default

Plaintiffs filed their Complaint on September 11, 2020. Compl., Dkt. No. 1. In accordance with the Order of Service by Publication, the Defendant Domain Names' answers or other responses were due no later than November 28, 2020, and no such answer or other response has been filed or served. *See* Pl.'s Request for Entry of Default, Dkt. No.12 ¶ 9. Plaintiffs filed a Request for Clerk's Entry of Default on November 30, 2020, and the Clerk of the Court entered default on December 3, 2020. Dkt.

Nos. 12, 13. On December 3, 2020, Judge Ellis ordered Plaintiffs to file a Motion for Default Judgment and to file a notice setting the motion for hearing. Dkt. No. 14. When no one from the defense appeared at the January 15, 2021, hearing on the Motion for Default Judgment, the undersigned Magistrate Judge then took this matter under advisement to issue this Report and Recommendation. Dkt. No. 18.

## II.   FACTUAL FINDINGS

Plaintiff Online Data Exchange LLC ("OLDE") is a limited liability company organized and existing under the laws of Delaware with its principal place of business located at 12276 San Jose Blvd., Jacksonville, FL 32223. Compl. ¶ 7. OLDE was created in 2006 to operate an electronic information network called the Online Solution for Complete and Accurate Reporting ("e-OSCAR"), a system for processing automated credit dispute verifications. *Id*. ¶ 20. OLDE offers e-OSCAR services through a website and service at e-OSCAR.org. *Id.* ¶ 21. The e-OSCAR mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 3087887. *Id.* ¶ 29.

Plaintiff New Management Services LLC ("NMS") is a limited liability Delaware company with its principal place of business located at 12276 San Jose Blvd., Jacksonville, FL 32223. Compl. ¶ 6. NMS is a related company to Online Data Exchange and the owner of the domain name at newmgtservices.com, which it uses to manage and provide products and services for e-OSCAR, via companywide email addresses ending with @newmgtservices.com. *Id.* ¶¶31, 33. NMS uses and displays the New Management Services mark in connection with provisions of website development and maintenance, invoice issuance and processing, and communication and staffing services to customers, vendors and its related companies. *Id*. ¶ 34. Customers have come to identify the New Management Services name and mark to represent a high-quality, trustworthy and distinct brand. *Id*. ¶ 35. Thus, NMS has acquired common law trademark rights in the New Management Services trademark. *Id*. ¶ 36.

Defendant Domain Name "newrngtservices.com" is an Internet domain name that, according

to Whois domain name registration records, was registered by "Becky Henry" on July 18, 2020. Compl. ¶8. On information and belief, Becky Henry is an alias for or is in active concert with the operator of the email accounts associated with "newrngtservices.com." *Id*.

Defendant Domain Name "newmgrtservices.com," according to Whois domain name registration records, was registered by "Smith Wilson" on December 17, 2019. Compl. ¶9. On information and belief, Smith Wilson is an alias for or is in active concert with the operator of the email accounts associated with "newmgrtservices.com." *Id*.

Defendant Domain Name "eoscar.com," according to Whois domain name registration records, was registered by "DomainCrew Limited." Compl. ¶ 10. On information and belief, DomainCrew Limited is an alias for or is in active concert with the operator of the email accounts associated with "eoscar.com." *Id*.

Defendant Domain Name "eoscar.net," according to Whois domain name registration records, was registered by "REDACTED FOR PRIVACY." Compl. ¶ 11. Defendant Domain Name "e-oscar.net," according to Whois domain name registration records, was registered by "Domain Administrator." *Id*. ¶ 12.

Upon information and belief, the Defendant Domain Names were registered by the same person or entity and are under the control of the same person or entity. Mem. Supp. Default J. at 4.

Plaintiffs allege that Defendant Domain Names are part of an intricate online scam designed to deceive NMS and OLDE customers into paying fraudulent e-OSCAR invoices sent using "spoofed" email addresses. Compl. ¶ 37. In one case, an NMS customer received a "spoofed" email using an email address from "newrngtservices.com" that included an invoice printed on letterhead using both OLDE's e-OSCAR mark and the New Management Services mark, and was purportedly sent from New Management Services, directing the customer to make payment to a bank account not associated with either company. *Id*. ¶ 40. That and subsequent scam emails that used OLDE's e-OSCAR mark were sent via a spoofed email address using a domain name confusingly similar to the New

5

Management Services mark to give the appearance that the emails were from NMS and the e-OSCAR system. *Id*. ¶42. The typo in the domain name—the letters "r" and "n" are in close proximity to look like the letter "m"—is designed to make the domain name look identical to NMS's mark. *Id*. ¶44. The registrant of "newrngtservices.com" owns other domains that appear to be spoofing/typo domains of other companies, including "surnmit-healthcare.com." *Id*. ¶ 43.

Plaintiffs allege that the registration and use of the Defendant Domain Names reflect a type of cybersquatting known as "typosquatting" since many of the Defendant Domain Names represent typographical errors of e-OSCAR and New Management Services. *Id*. ¶¶ 44-53.

### III.     EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell*

6

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Count One: Violation of the Federal Anti-Cybersquatting Consumer Protection Act

Plaintiffs allege a violation of anti-cybersquatting law in Count One of their Complaint. Compl. ¶¶ 60-72. To establish an ACPA claim, a plaintiff must demonstrate that (1) Plaintiff owns the protected mark; (2) the Defendant Domain Names are confusingly similar to Plaintiff's mark; and (3) the registrant(s) used the Defendant Domain Names with the bad-faith intent to profit from Plaintiff's mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also Dynamis, Inc. v. Dynamis.com* 780 F. Supp. 2d 465, 471 (E.D. Va. 2011) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as a remedy to the owner. §1125(d)(1)(C).

Here, the undersigned finds that Plaintiffs have established a violation of the ACPA for the following reasons. First, Plaintiffs have sufficiently proven that they possess a trademark right in the Defendant Domain Names. Plaintiffs Online Data Exchange and New Management Services own, respectively, the "e-OSCAR" and "New Management Services" marks. OLDE registered its e-OSCAR mark on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 3087887. Compl. ¶ 29; Compl., Ex. F, Dkt. Nos. 1-1. Because NMS uses the New Management Services mark in connection with its services and the mark has come to be viewed as a distinct brand, NMS has acquired common law trademark rights in the New Management Services trademark. *Id*. ¶¶ 35-36. Therefore, the undersigned finds that Plaintiffs established that they possess trademark rights to the Defendant Domain Names.

Second, the Defendant Domain Names are confusingly similar to the e-OSCAR and NMS marks. The confusingly similarity standard is satisfied when a domain name is virtually identical to

7

the plaintiff's mark. *See Agri-Supply Co., Inc. v. Agrisupply.Com*, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). Simply changing a few letters of a distinctive or famous mark (a practice known as "typosquatting") is insufficient to prevent confusing similarity. *See Cent. Source LLC v. annualdcreditreport.com*, No. 14-cv-304, 2014 WL 3811162, at *7 (E.D. Va. Aug. 1, 2014) (holding that "[t]he misspelling of the AnnualCreditReport mark constitutes a clear attempt at typosquatting of the AnnualCreditReport mark insofar as omitting or inserting a letter or letters from the word 'AnnualCreditReport,' altering the order of the letters . . . or substituting a different letter in the word"). Further, the mere addition of a top-level domain signifier, such as .com, to a protected trademark does not diminish the confusing similarity. *See, e.g.*, *Investools, Inc. v. Investtools.com*, No. 1:06-cv-210, 2006 WL 2037577, at *3 (E.D. Va. July 17, 2006) (citing *Brookfield Comms., Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999)).

Here, the Defendant Domain Names bear obvious facial similarities to the e-OSCAR and New Management Services marks. Each Defendant Domain Name closely resembles Plaintiffs' marks with only a couple of minor variations. Compl. ¶¶ 44-53. Defendant Domain Name eoscar.com consists of the e-OSCAR mark but with the hyphen removed. *Id.* ¶ 49. Defendant Domain Name e-oscar.net is identical to the e-OSCAR mark but uses the top-level domain ".net" instead of ".org." *Id.* ¶ 53. Therefore, the undersigned finds that Plaintiffs have established that the Defendant Domain Names are confusingly similar to Plaintiffs' marks.

Third, Plaintiffs sufficiently allege that the registrants had the bad-faith intent to profit from using the Defendant Domain Names. The ACPA lists several factors that a court may consider when determining bad faith, including a defendant's intellectual property rights in the domain name; the extent to which the name consists of the defendant's legal name; a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of misleading or false contact information when applying for

8

registration of the domain name. *See* 15 U.S.C. §§ 1125(d)(1)(B)(i)(I)-(XI).

Here, the facts support a finding of bad faith by the registrants of the Defendant Domain Names. The registrants have no apparent intellectual property rights in the Defendant Domain Names, which each differ by only a couple of letters from the New Management Services or e-OSCAR marks. *See* Mem. Supp. Default J. at 11. The Defendant Domain Names do not contain the registrants' and/or authorized licensee(s)' legal names. *Id*. The registrants have not engaged in bona fide noncommercial or fair use of the e-OSCAR and New Management Services marks. *Id*. Instead, the Defendant Domain Names are being used to divert consumers seeking to access genuine e-OSCAR and New Management Services products or services away from OLDE and NMS, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant Domain Names and the email addresses used and sites displayed through use of the Defendant Domain Names. Compl. ¶ 67. The Defendant Domain Names are configured to display pay-per-click advertisements, to redirect visitors to third-party websites for sales solicitations or to direct visitors to a website that attempts to install viruses on consumers' computers. *Id*. ¶ 56. For the foregoing reasons, Plaintiffs have established that the registrants have the bad-faith intent to profit from the use of the Defendant Domain Names. Therefore, for the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiffs are entitled to relief under the ACPA.

### B.  Count Two: In-Rem Trademark Infringement

In the Complaint, Plaintiffs sought relief under Count Two for *in rem* trademark infringement. *See* Compl. ¶¶ 73-83. However, in Plaintiffs' Memorandum in Support of Default Judgment, Plaintiffs requested that the "Court dismiss without prejudice the Second Count of In Rem Trademark Infringement given that the only relief being sought may be ordered pursuant to the First Count of In Rem Cybersquatting." Mem. Supp. Default J., Dkt. No. 16 n.1. Given Plaintiffs' request, the undersigned finds that Count Two should be dismissed without prejudice.

## IV.   RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment as to Count One in favor of Plaintiffs against the Defendant Domain Names for violation of 15 U.S.C. § 1125(d), and dismissal without prejudice as to Count Two. The undersigned further recommends that an Order be entered directing VeriSign, Inc to change the registrar of record for Defendant Domain Names to Plaintiffs' registrar of choice, GoDaddy.com LLC; and directing GoDaddy.com LLC to change the registrant of the respective domain names to the Plaintiffs as follows:

To New Management Services:

<newrngtservices.com>, <newmgrtservices.com>,

To Online Data Exchange:

<eoscar.com>, <eoscar.net>, and <e-oscar.net>

## V.   NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the registrant(s) at the physical and email addresses associated with the Defendants:

Becky Henry
870 South 15th Street, FL2,
Newark, NJ 07108
beckyhenry01@protonmail.com
(for newrngtservices.com)

Smith Wilson
2134 NW 32nd St
Miami, FL 33142
steeiusa@aol.com
(for newmgrtservices.com)

DomainCrew Limited
Unit 905, 9/F, Kowloon Centre
33 Ashley Road
Tsim Sha Tsui, Kowloon, Hong Kong HK
info@domaincrew.com
(for eoscar.com)

Registrant(s) of:
eoscar.net
Domain Administrator
c/o Fundacion Privacy Service LTD
Calle 53 Este, 3rd Floor Humbolt Tower
Panama City, PA 0001
eoscar.net@privacy.above.com
(for eoscar.net)

e-oscar.net
REDACTED FOR PRIVACY
c/o Trellian Direct Search Network
Above.com
5220 Pacific Concourse Dr, Suite 100
Los Angeles, CA 90045
fundacionprivacy@protonmail.com
(for e-oscar.net)

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

March 10, 2020
Alexandria, Virginia